**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NORMA VILLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| VALENTINE & KEBARTAS, INC., | ) |
| NORTH SHORE AGENCY, LLC, | ) |
| and VERIZON WIRELESS SERVICES, LLC, | ) |
| d/b/a VERIZON WIRELESS, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Norma Villa brings this action to secure redress from unlawful credit and collection practices engaged in by defendants (a) Valentine & Kebartas, Inc., (b) North Shore Agency, LLC, and (c) Verizon Wireless Services, LLC, doing business as Verizon Wireless. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications were received by plaintiff within this District;

   b. Defendants do or transact business within this District.

## PARTIES

4. Plaintiff Norma Villa is an individual who resides in the Northern District of Illinois.

5. Defendant Valentine & Kebartas, Inc. is a Massachusetts corporation with

1

offices at 15 Union St, Lawrence, MA 01840. It does business in Illinois. Its registered agent and office is Patrick B. Gough, 2710 Hastings Road, Chatham, IL 62629.

6. Valentine & Kebartas, Inc., operates a collection agency, engaged in the business of using the mails and telephone to collect consumer debts originally owed to others. It describes itself as "A Full Service Accounts Receivable Management Company." (http://www.vnkinc.com/)

7. Valentine & Kebartas, Inc. is a debt collector as defined in the FDCPA.

8. Defendant North Shore Agency, LLC, is a limited liability company organized under New York law with principal offices at 270 Spagnoli Road, Suite 110, Melville, NY 11747. It does business in Illinois. Its registered agent and office is Incorp Services, Inc., 901 S. 2nd Street, Suite 201, Springfield, IL 62704.

9. North Shore Agency, LLC operates a collection agency, engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

10. North Shore Agency, LLC is a debt collector as defined in the FDCPA.

11. Defendant Verizon Wireless Services, LLC, d/b/a Verizon Wireless, is a limited liability company organized under Delaware law with offices at One Verizon Way, Basking Ridge, NJ 07920. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

12. Verizon Wireless provides cellular telephone services.

## FACTS

13. In May 2013, plaintiff encountered financial difficulties and was forced to file a Chapter 7 bankruptcy petition, 13-20983 (N.D.Ill.)

14. Among the debts scheduled was a balance owed to Verizon Wireless for a cell phone used for personal, family or household purposes and not for business purposes. The relevant page of the schedules is attached as Exhibit A.

15. The Bankruptcy Court sent notice of the proceeding to Verizon Wireless

at an address previously furnished by Verizon. (<u>Exhibit B</u>)

16. A discharge order was entered on August 19, 2013. (<u>Exhibit C</u>) The Bankruptcy Court also notified Verizon of the discharge.

17. Defendants continued to try to collect the discharged debt.

18. In September 2013, plaintiff's counsel sent a note to Verizon asking them to cease contacting plaintiff because she had filed bankruptcy. A copy is attached as <u>Exhibit D</u>.

19. Verizon Wireless continued sending bills to plaintiff. Copies are attached as <u>Exhibits E-F</u>.

20. Verizon Wireless then sent the debt to Valentine & Kebartas.

21. On or about December 4, 2013, Valentine & Kebartas sent plaintiff the letter attached as <u>Exhibit G</u>, representing that the debt was still owed.

22. On January 10, 2014, plaintiff's counsel sent a note to Valentine & Kebartas and Verizon, again asking them to stop contacting plaintiff. A copy is attached as <u>Exhibit H</u>.

23. Meanwhile, Verizon Wireless had sent the debt to North Shore Agency, LLC.

24. North Shore Agency, LLC sent a letter dated January 2, 2014 to plaintiff, seeking payment of the discharged debt and representing that it was still owed. A copy of this letter is attached as <u>Exhibit I</u>.

25. Plaintiff was harassed and aggravated and deprived of her "fresh start."

## COUNT I – FDCPA

26. Plaintiff incorporates paragraphs 1-25.

27. This claim is against Valentine & Kebartas and North Shore Agency.

28. Defendants violated 15 U.S.C. §1692e and 1692f, by attempting to collect a discharged debt, and 15 U.S.C. 1692c, by contacting a consumer represented by counsel.

29. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> **(2)** The false representation of--
>
> **(A)** the character, amount, or legal status of any debt; . . . .
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

30. Section 1692f provides:

> **§ 1692f. Unfair practices [Section 808 of P.L.]**
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> **(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

31. Section 1692c provides:

> **§ 1692c. Communication in connection with debt collection**
>
> **(a) Communication with the consumer generally.** Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–
>
> . . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

    (1)    Statutory damages;

    (2)    Actual damages;

       (3)      Attorney's fees, litigation expenses and costs of suit;

       (4)      Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

32. Plaintiff incorporates paragraphs 1-25.

33. This claim is against two defendants.

34. Defendants Valentine & Kebartas and North Shore Agency are each a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

35. Defendants violated the following provisions of 225 ILCS 425/9:

> **. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**
>
> **(26) Misrepresenting the amount of the claim or debt alleged to be owed. . . .**

36. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

37. Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendants:

       (1)      Compensatory and punitive damages;

       (2)      Costs.

       (3)      Such other and further relief as is appropriate.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

38. Plaintiff incorporates paragraphs 1-26.

39. This claim is against all three defendants.

40. Defendants engaged in unfair acts, in violation of 815 ILCS 505/2, by attempting to collect a discharged debt.

41. Defendants engaged in such conduct in the course of trade and commerce.

42. Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendants:

    (1)    Compensatory and punitive damages;

    (2)    Attorney's fees, litigation expenses, and costs.

    (3)    Such other and further relief as is appropriate.

        s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Rebecca A. Cohen
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

6

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                         s/ Daniel A. Edelman
                                                         Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

7

**DOCUMENT PRESERVATION DEMAND**

    Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

                                                                                           s/ Daniel A. Edelman  
                                                                                            Daniel A. Edelman